```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARIA C. GARCIA,                                                    REPORT AND
                        Plaintiff,                                  RECOMMENDATION
            -against-
NANCY A. BERRYHILL,                                                 12-CV-2140 (NGG) (JO)
                        Defendant.
----------------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

Attorney Charles E. Binder ("Binder"), counsel for plaintiff Maria C. Garcia ("Garcia"), seeks an award of $18,933.75 in attorney's fees for his work in prosecuting Garcia's successful appeal of the denial of her application for Social Security benefits. *See* Docket Entry ("DE") 32; 42 U.S.C. § 406(b)(1). Upon referral from the Honorable Nicholas G. Garaufis, United States District Judge, I now make this report and, for reasons set forth below, respectfully recommend that the court award a reasonable fee of $12,100.00.

I.  Background

Garcia filed this action on May 1, 2012, seeking judicial review of an administrative decision that she was not disabled and therefore not entitled to certain Social Security benefits. *See* DE 1. On January 10, 2014, the court resolved the parties' cross-motions for dispositive relief by remanding the matter to the defendant Commissioner of Social Security (the "Commissioner")[1] to expand the record and cure certain errors in evaluating it. DE 23.  On June 11, 2014, the Court awarded Garcia $4,597.03 in attorney's fees (plus another $350.00 in costs), payable directly to her counsel pursuant to the parties' stipulation and the Equal Access to Justice Act ("EAJA"). *See* DE 31; 28 U.S.C. § 2412(d).

---

[1] The Complaint named then-Commissioner Michael Astrue as the defendant. DE 1 at 1. I respectfully direct the Clerk to amend the caption as rendered above to reflect the name of the current Acting Commissioner. *See* Fed. R. Civ. P. 25(d).

On remand, Garcia was found to be disabled and entitled to a retroactive award of benefits. *See* DE 33-3 at 6-10 (Notice of Award) ("Notice"). The Notice informed Garcia, "We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee. We withheld $18,933.75 from your past due benefits in case we need to pay your representative." *Id.* at 8; *see* 42 U.S.C. § 406(a)-(b).

Binder then filed the instant motion on March 25, 2016. DE 32. He seeks the full amount that the Commissioner withheld – the maximum allowed by law – pursuant to a contingency agreement with Garcia. *See* DE 33 (supporting memorandum) at 2-3; 42 U.S.C. § 406(b)(1)(A). He supports the request with a non-contemporaneously prepared summary describing 2.5 hours of work that he performed, and 21.7 hours of work performed by his colleague Eddy Pierre Pierre. *See* 33-3 at 4. The Commissioner, who has simply withheld the amount Binder seeks from Garcia, and thus is unaffected by the outcome of the instant motion, does not oppose the motion. *See* DE 34 at 2. Although the Commissioner has the discretion to recommend an appropriate fee award, she has not done so. *See id.* (citing *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 372 (2d Cir. 1990)).

II.   Discussion

The court may award Binder a reasonable fee of no more than 25 percent of Garcia's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). Because Garcia's contingency fee agreement with Binder entitles him to that 25 percent maximum, *see* DE 33-3 at 2 (retainer agreement), the court may award less "only when it finds the amount to be unreasonable." *Wells II*, 907 F.2d at 371. In making that determination, the court should consider whether counsel engaged in fraud or overreaching in entering the contingency agreement and "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372 (citation omitted); *see also Barbour v. Colvin*, 2014 WL 7180445, at

2

*1 (E.D.N.Y. Dec. 10, 2014) (citation omitted).[2] In addition, because Binder had already secured a fee award under the EAJA before making the instant request, he must refund to Garcia the lesser of the two awards he receives. *See Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988); *Barbour*, 2014 WL 7180445, at *2 (citation omitted).

The record does not indicate any fraud or overreaching on Binder's part. As a result, the only question is whether the amount Binder requests would be a windfall. In answering that question, the court should consider whether his efforts for Garcia were particularly successful; whether his work included non-boilerplate pleadings, the litigation of real issues of material fact, and required legal research; and whether his experience in handling similar cases made his work here efficient. *See, e.g., Rowell v. Astrue*, 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008) (quoting *Trupia v. Astrue*, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008)). And while the court cannot base its award on a lodestar calculation, it may consider the number of hours counsel spent on the case to determine a reasonable fee. *See, e.g., Benton v. Comm'r of Soc. Sec.*, 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

Binder asks for $18,933.57 to compensate him and his colleague for a total of 24.2 hours of work, resulting in an effective hourly rate of $782.38. The circumstances of this case are analogous to several other recent cases in this court in which Binder has received a reduced fee, reflecting an effective hourly rate of $500, after engaging in a modest amount of work to achieve a favorable result for a Social Security claimant. *See, e.g., Arroyo v. Comm'r of Soc. Sec.*, 2018 WL 2088013, at *3 (E.D.N.Y. May 4, 2018) (request for $14,000 for 19.7 hours of work; award of $9,850); *Colon v.*

---

[2] Applicable precedent also directs the court to consider whether the contingency percentage exceeds the statutory 25 percent cap. *See, e.g., Wells II*, 907 F.2d at 372. That consideration adds nothing to the analysis, as counsel has no authority to seek, nor the court any authority to award, a fee greater than that maximum percentage. The fact that an attorney does not include an unlawful provision in a retainer agreement does not in itself render the fee provision reasonable.

*Berryhill*, 2018 WL 1730335, at *3 (E.D.N.Y. April 9, 2018) (request for $12,077 for 21.8 hours of work; award of $9,850); *Karki v. Comm'r of Soc. Sec.*, 2018 WL 1307947, at *3 (E.D.N.Y. Mar. 13, 2018) (request for $22,500 for 21.1 hours of work; award of $10,550). I respectfully recommend a similar approach which will, in this case as in those cited above,

> adequately compensate Binder and his co-counsel for the time that they spent on this case, the risks that they accepted in [representing Garcia] on a contingency basis, and the successful result they obtained for [her, while also] satisfy[ing] the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals

*Colon*, 2018 WL 1730335, at *3 (citing *Muniz v. Astrue*, 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011). An award of $12,100 will reasonably compensate counsel at an hourly rate of $500.

### III.   Recommendation

For the reasons set forth above, I respectfully recommend that the court award $12,100.00 in reasonable attorney's fees to the plaintiff's counsel, and order him, upon receiving payment, to refund to the plaintiff the $4,597.03 in fees previously awarded.

### IV.   Objections

Any objections to this Report and Recommendation are due by November 16, 2018. Failure to file objections within this period designation the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
November 2, 2018

                                               /s/
                                    James Orenstein
                                    U.S. Magistrate Judge