UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────
MARIA C. GARCIA,

                Plaintiff,

      -against-

ANDREW SAUL,[1]

                Defendant.
─────────────────────────────────

**ORDER**

12-CV-2140 (NGG) (JO)

NICHOLAS G. GARAUFIS, United States District Judge.

Following a successful appeal of the denial of Plaintiff's social security benefits, Charles E. Binder, counsel to Plaintiff, sought an award of $18,933.75 in attorney's fees under 42 U.S.C. § 406(b)(1). (*See* Mot. for Att'y Fees (Dkt. 32).) This court referred Binder's motion to Magistrate Judge James Orenstein for a report and recommendation. (*See* Oct. 24, 2018 Order Referring Motion.) On November 2, 2018, Judge Orenstein issued a Report and Recommendation ("R&R") in which he recommended the court grant Binder's motion but, concluding that $18,933.75 in attorney's fees (representing an effective hourly rate of $782.38) would amount to a windfall to Binder, reduce the fee award to $12,100.00 (representing an effective hourly rate of $500). (*See* R&R (Dkt. 36).) Binder timely filed an objection to that portion of the R&R that recommended that the award be reduced to $12,100.00. (*See* Objection (Dkt. 37).) Accordingly, the court reviews that portion of the R&R *de novo*. *See* Fed. R. Civ. Pro. 72(b)(3); *US Flour Corp. v. Certified Bakery, Inc.*, No.

---

[1] At the time of filing, Plaintiff named then-Commissioner of the Social Security Administration Michael Astrue as Defendant. The clerk of court is respectfully DIRECTED to amend the caption to reflect the name of the current Acting Commissioner.

1

10-cv-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012).[2]

The court assumes familiarity with the factual and procedural history of this case, as set forth in greater detail Judge Orenstein's R&R. In determining whether a proposed fee award would amount to a windfall to counsel, courts in this circuit are instructed to consider "(1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Morris v. Saul*, 17-cv-259 (PKC), 2019 WL 2619334, at *2 (E.D.N.Y. June 26, 2019). In making this determination, "although the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Tamburri v. Saul*, No. 16-cv-5784 (PKC), 2019 WL 6118005, at *2 (E.D.N.Y. Nov. 18, 2019) (alteration adopted).

Upon an independent review of the record, the court agrees with Judge Orenstein that an award of $18,933.75 would be unreasonable and represent a windfall to Binder under the circumstances of this case. While Binder is correct that courts in this circuit have, in some instances, approved fee awards yielding considerably higher effectively hourly rates, many of those cases involved unusual issues or extensive litigation. *See, e.g., Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005) (counsel submitted memorandum of law "which in part alleged bias on the part of the original administrative law judge … requir[ing]

---

[2] As no party has objected to Judge Orenstein's determination that Binder should be awarded attorney's fees, the court reviews that determination only for clear error, *see US Flour*, 2012 WL 728227, at *2, and finds none.

not only skilled legal research and analysis but also the gathering and compiling of data … in an attempt to establish the alleged bias"). Further, courts in this circuit routinely hold fee awards that result in effective hourly rates of more than $500 unreasonable absent special circumstances. *See Tamburri*, 2019 WL 6118005, at *3 (collecting cases). Here, although the court recognizes that Binder achieved a successful result for his client and that the case was handled efficiently, the issues presented were not so complex as to merit the proposed award of $18,933.75. The court thus agrees with Judge Orenstein that an award of $12,100.00, representing an effective hourly rate of $500, is sufficient to compensate counsel for the time spent on this case, the risk inherent in contingency-fee agreements, and the result he obtained for his client. The court further believes that this fee award satisfies the underlying policy goal of encouraging qualified counsel to represent individuals in social security appeals.

Accordingly, Binder's Objection is OVERRULED and Judge Orenstein's Report and Recommendation is ADOPTED IN FULL. Binder is awarded $12,100.00 in reasonable attorney's fees under 42 U.S.C. § 406(b)(1). Upon receipt of that award, Binder is DIRECTED to refund Plaintiff the $4,597.03 in fees previously awarded under the Equal Access to Justice Act.

SO ORDERED.

Dated:   Brooklyn, New York
         July 28, 2020

                                          /s/ Nicholas G. Garaufis
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge